TROUTMAN SANDERS LLP
Jennifer Trusso Salinas, Bar No. 198579
jennifer.salinas@troutmansanders.com
Jenny Kim, Bar No. 282562
jenny.kim@troutmansanders.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Plaintiff
SUGARFINA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGARFINA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SWEITZER LLC, a New Jersey limited liability company, and SWEITZER LAKEWOOD LLC, a New Jersey limited liability company,<br><br>Defendants. | Case No.: 2:17-cv-07950<br><br>**COMPLAINT FOR TRADE DRESS INFRINGEMENT, FEDERAL AND COMMON LAW TRADEMARK INFRINGEMENT, FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, PATENT INFRINGEMENT, AND FEDERAL COPYRIGHT INFRINGEMENT** |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

32922939v2

COMPLAINT

Plaintiff Sugarfina, Inc. ("Sugarfina") complains and alleges as follows against Defendants Sweitzer LLC and Sweitzer Lakewood LLC (collectively, "Sweitzer" or "Defendants").

## NATURE OF THE ACTION

1.     Sugarfina revolutionized the candy industry when it was founded in 2012. Its founders, Joshua Resnick and Rosie O'Neill, dreamt of creating a luxury boutique retailer of curated candies and sweets. The inspiration behind Sugarfina sprouted during a screening of the original "Willy Wonka and the Chocolate Factory" and the simple question: why should kids have all the fun?

2.     Since 2012, Mr. Resnick and Ms. O'Neill have traveled the world to meet with artisan candy-makers and have taste-tested thousands of candies in their search to find the best of the best. Today, this experience has culminated in Sugarfina redefining confectioneries and the associated experience, including painstakingly creating high quality, distinctive packaging for its redefined confectionaries. In the years since its founding, Sugarfina has established itself as offering unique luxury products to a highly engaged customer base.

3.     Sugarfina's early efforts have now grown to a thriving business that employs over 300 people and operates across various commercial channels, including storefronts, e-commerce, wholesale, and corporate partnerships.

4.     Sugarfina's retail channel focuses on building a footprint at high-end luxury spaces. Currently, Sugarfina operates over twenty-three (23) retail boutiques, with many additional storefronts planned throughout the globe. Sugarfina also operates a series of "shop-in-shops" at over fourteen (14) Nordstrom's locations in the United States and Canada. Its wholesale channel caters to premium reseller partners such as Bergdorf Goodman and the Four Seasons Hotels. Its corporate channel caters to institutional clients seeking to personalize packaging or coordinate events.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

32922939v2                                                COMPLAINT

5.      At present, Sugarfina's distribution channels have been well established and the Sugarfina brand itself has come to be uniquely synonymous with luxury boutique candy. Although national and international expansion will continue, Sugarfina has already become famous for its luxury items throughout the United States and Canada.

6.      From inception, Sugarfina has cultivated unmistakable design features in its products and packaging. These design features have been used consistently throughout its course of business.

7.      Sugarfina currently has approximately 140 different lines of candy, i.e., products, each presented in a revolutionary and sophisticated presentation and packaging that evidences Sugarfina's commitment to luxury and quality. Among the signature innovations of Sugarfina's branding is its presentation of candy in museum-quality Lucite that emphasizes the artisanal and rarified quality of a gourmet small-portion tasting experience. Because of its innovative packaging and distinctive design, coupled with impeccable attention to the quality of its candy, Sugarfina products continue to thrive.

8.      Sugarfina's creative achievements have resulted in broad intellectual property protection for Sugarfina's innovations, including design patents, trademarks, copyrights, and trade dress protection. Because of its success, Sugarfina's innovations have been the subject of emulation by its competitors, who have attempted to capitalize on Sugarfina's success by imitating Sugarfina's innovative, elegant, and distinctive products and packaging.

9.      One of these imitators is Sweitzer, which has introduced a line of products to compete with Sugarfina products. Instead of pursuing independent product development, Sweitzer has chosen not only to copy Sugarfina's innovative, distinctive, and elegant product and packaging design, but also to copy the types of candy, and protectable names, offered by Sugarfina, in violation of Sugarfina's valuable intellectual property rights.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

10. As alleged below, Sweitzer has made and packaged its candy to look like Sugarfina's products through widespread patent, trademark, copyright and trade dress infringement.

11. By this action, Sugarfina seeks to put a stop to Sweitzer's illegal conduct and obtain compensation for the violations that have occurred thus far.

## THE PARTIES

12. Plaintiff Sugarfina is a Delaware corporation having its principal place of business at 3915 West 102nd Street, Inglewood, California 90303.

13. Defendant Sweitzer LLC is a New Jersey limited liability company with its principal office at 266 Cedar Bridge Avenue, Lakewood, NJ 08701. Sugarfina is informed and believes that the sole member of Sweitzer is an individual named Shloime Friedman, who also has an address in Lakewood, New Jersey.

14. Defendant Sweitzer Lakewood LLC is a New Jersey limited liability company with its principal office at 266 Cedar Bridge Avenue, Lakewood, NJ 08701.

## JURISDICTION

15. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents, copyrights, or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction); and 28 U.S.C. § 1367 (supplemental jurisdiction).

16. This Court has personal jurisdiction over Sweitzer because it has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, 15 U.S.C. §§ 1114 and 1125, and 17 U.S.C. §§ 101 *et seq.*, and places infringing products into the stream of commerce, with the knowledge or

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 4 -

COMPLAINT

understanding that such products are sold in the State of California, including in this District. The acts by Sweitzer cause injury to Sugarfina within this District.

17.    Upon information and belief, Sweitzer also derives substantial revenue from the sale of infringing products within this District, expects its actions to have consequences within this District, and derives substantial revenue from interstate and international commerce.

## VENUE

18.    Venue is proper within this District under 28 U.S.C. §§ 1391(b) and 1367(a) because Sweitzer transacts business within this district and offers for sale in this district products that infringe the Sugarfina trade dress and trademarks. In addition, venue is proper because Sugarfina's principal place of business is in this district and Sugarfina suffered harm in this district. Moreover, a substantial part of the events giving rise to the claim occurred in this district.

## BACKGROUND

### *Sugarfina's Innovations*

19.    Sugarfina is a luxury candy boutique well recognized for its distinctive products sold under the SUGARFINA® brand using novel and original designs in its packaging. Sweitzer is well aware that Sugarfina is the owner of numerous design patents, trademark registrations, and copyright registrations, including the following (having received cease and desist letters dated May 22, 2017 and September 19, 2017).

- U.S. Design Patent No. D755,641
- U.S. Copyright Reg. No. VA0001963483
- U.S. Copyright Reg. No. VA0001963482

20.    As a direct result of its innovative and distinctive design and packaging, Sugarfina products have been a remarkable success, and their packaging, colors, and presentation have immediately become uniquely associated with Sugarfina as their source.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

21.     Sugarfina products, with its branded packaging, have been extensively advertised throughout the United States to capitalize on the existing distribution channels, including social media and internet marketing, with the vast majority of the advertisements featuring photographs of the distinctive design of the Sugarfina products.

22.     In addition, Sugarfina's products have received unsolicited comment and attention in print and social media throughout the world. Each new Sugarfina product is the subject of positive commentary and receives unsolicited praise from independent social commentators. Frequently, these unsolicited commentaries are accompanied by images of various Sugarfina products, including their unique packaging.

23.     The Sugarfina product design has come to represent and symbolize the superb quality of Sugarfina's products and enjoys substantial goodwill among consumers.

24.     Sugarfina has received many awards for its signature designs and innovations including, but not limited to, the Addy Gold award and the Chain Store Age Breakout Retailer award.

### *Sugarfina's IP Rights*

### *Sugarfina's Trademarks*

25.     Sweitzer's products are likely to confuse customers as Sweitzer sells products with exact or near-exact replicas of Sugarfina's marks, including the following:

- CANDY BENTO BOX®
- CANDY CUBE™

26.     Sweitzer's use of Sugarfina's marks creates a high likelihood of confusion, as Sweitzer alters virtually nothing about the marks and intentionally imports the entire appearance, sound, and meaning of Sugarfina's marks to profit from the customer's association of the marks with Sugarfina.

27.     CANDY BENTO BOX®—attached as Exhibit 1 is a true and correct copy of U.S. Registration No. 4,838,646. Sugarfina first used the CANDY BENTO BOX® mark on November 23, 2013, and filed a trademark application for this mark on January 15, 2015. On information and belief, Sweitzer began using the same mark on identical packaging after Sugarfina's first commercial use.

28.     The key portions of the protected mark CANDY BENTO BOX® is used on Sweitzer's product—i.e., with the same appearance and sound. Both products are candy boxes in which a number of smaller CANDY CUBES™ are nested within—i.e., with the same meaning.

29.     CANDY CUBE™—Sugarfina has common law trademark rights in the CANDY CUBE™ mark. Sugarfina began selling and marketing its candy products under the CANDY CUBE™ mark long ago. On information and belief, Sweitzer began using the same mark on identical packaging after Sugarfina's first commercial use.

30.     The protected mark CANDY CUBE™ is used in its entirety on Sweitzer's product—i.e., with the same appearance and sound. Both products are packaging for candies—i.e., with the same meaning. On both products, the mark is used in connection with the clear cube nested within the patented and copyrighted eight-cube or three-cube gift box, making the overall look and feel of Sweitzer's use of the mark similar to Sugarfina's.

### *Sugarfina's Trade Dress*

31.     Sugarfina holds trade dress protection in the design and appearance of all of its confectionaries' offerings, together with their distinctive product packaging.

32.     Sugarfina's product packaging and presentation are radically different from the candy stores that preceded it. It has a distinctive presentation and appearance—a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales

techniques. As shown below, the result is a luxury product that is accessible and visually appealing to the ordinary observer. Sugarfina's product design immediately became closely associated with Sugarfina.









TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545



33.     Each of these elements of the Sugarfina products is distinctive, non-functional, and serves to identify Sugarfina as the source of its products.

34.     The following elements of Sugarfina's product packaging designs comprise the trade dress at issue in this case (the "Sugarfina Trade Dress"):

•     a rectangular product package with minimal lettering;

•     the inside bottom surface of the product package dominated by a series of cube wells or trays;

•     the series of cube wells each being spaced from one another within the product package; and

•     a series of clear cubes containing candy product that each reside in a corresponding cube well and are immediately visible upon opening the box.

35.     Sweitzer has capitalized on Sugarfina's distinctive, non-functional, novel, and original designs that customers have come to associate with the high quality and innovative candy products that Sugarfina offers.

36.     Sweitzer has purposely taken steps to increase Sweitzer's similarity to Sugarfina, and to encourage consumers to confuse the two brands so as to profit from the goodwill Sugarfina has acquired through its careful and diligent marketing.

37.     Moreover, Sugarfina's trade dress is non-functional in that there exist wide and varied ways to design a box that contains candy. As such, Sweitzer is not unduly impeded from engaging in its own design and presentation of its

32922939v2                                                                    COMPLAINT

1   products, so long as it does not steal from the Sugarfina Trade Dress.

2         38.     None of the claimed features of the Sugarfina Trade Dress, either
3   alone or in combination, are either essential to packaging candy or confer any
4   benefit to Sweitzer aside from enabling it to trade on Sugarfina's reputation by
5   carefully imitating the look and feel of Sugarfina's trade dress.

6         39.     Further, through Sugarfina's extensive advertising and promotion, its
7   trade dress has been firmly established as having gained secondary meaning. As
8   mentioned above, consumers readily connect the defined trade dress exclusively
9   with Sugarfina and Sugarfina has even won awards for its innovative design.

10                   *Sugarfina's Design Patent*

11        40.     Sugarfina has protected its innovative designs and packaging through
12   design patents issued by the United States Patent and Trademark Office. The
13   Sugarfina design patents cover the many famous ornamental features of Sugarfina
14   candy, such as the spaced cube arrangement, the spaced cube receiving wells, and
15   the distinctive use of a box to hold the clear cubes.

16        41.     Among others, Sugarfina owns all right, title, and interest in and to
17   the asserted U.S. Design Pat. No. D755,641, titled "Packaging," a true and correct
18   copy of which is attached as Exhibit 2.

19                   *Sugarfina's Copyrights*

20        42.     Sugarfina has protected its innovative designs and packaging through
21   copyrights registered with the United States Copyright Office. The Sugarfina
22   copyrights cover the same famous and original ornamental features of Sugarfina
23   candy packaging as the design patents, such as the spaced cube arrangement, the
24   spaced cube receiving wells, and the distinctive use of a box to hold the clear cubes.

25        43.     Sugarfina owns all right, title, and interest in and to each of the
26   following asserted copyrights, true and correct copies of which are attached as
27   Exhibits 3 and 4: Reg. Nos. VA0001963482 and VA0001963483.

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

### *Sweitzer's Infringing Products*

44.     Sweitzer has imported into or sold in the United States the following products, each of which infringes one or more of Sugarfina's Intellectual Property Rights: "Candy Gift Box 8," "Candy Gift Box 4" (also referred to as "Bento Box 4") and "Candy Gift Box 3," among others (collectively, the "Accused Products"). Attached as Exhibit 5 is a true and correct copy of the Accused Products.

45.     Rather than innovate and develop its own packaging and unique style for its candy products, Sweitzer chose to copy Sugarfina's innovative style in these infringing products.

46.     Sweitzer—much like any candy manufacturer—had many options in developing and packaging its candy. Yet, Sweitzer deliberately chose to infringe on Sugarfina's intellectual property without investing any of the resources or innovation required to develop a strong brand identity and intellectual property portfolio. Sweitzer simply stands to reap all of the benefits of Sugarfina's investment and goodwill in the market.

### *Infringement of Sugarfina's Trade Dress*

47.     Sugarfina is informed and believes that Sweitzer began producing, selling, and marketing its copycat products after Sugarfina's first use of the asserted trade dress.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| *Sugarfina's Original Use* | *Sweitzer's Infringing Use* |
|---|---|
|     |   |




48.     Each of Sweitzer's line of accused products embodies a combination of several elements of the Sugarfina Trade Dress identified above, namely, a product configuration with a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales techniques.

49.     Sweitzer's systematic copying of the Sugarfina Trade Dress is likely to cause customer confusion, or has actually caused customer confusion, as to an affiliation with Sugarfina and/or an initial interest confusion based on Sugarfina's goodwill with the marketplace.

### Infringement of Sugarfina's Trademarks

50.     In addition to copying the Sugarfina Trade Dress, Sweitzer has also copied numerous products in which Sugarfina has valid trademark rights, as shown below:

/ / /

/ / /

/ / /

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

a.      CANDY BENTO BOX®

| Sugarfina's Original Use | Sweitzer's Infringing Use |
|---|---|



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

32922939v2                                                          COMPLAINT

b.     **CANDY CUBE™**



| *Sugarfina's Original Use* | *Sweitzer's Infringing Use* |
|---|---|

51.     Sweitzer's adoption of a trade dress that copies the Sugarfina Trade Dress, particularly in combination with its use of various trade names that infringe Sugarfina's trademark rights, is likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into thinking that Sweitzer's products are

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

32922939v2                                                           COMPLAINT

Sugarfina products, or that they are sponsored by or affiliated with Sugarfina, when they are not.

52. Sugarfina's goodwill among consumers is closely tied to its position as an outlier in confectioners' products—that of luxury and sophistication. Sweitzer's flagrant and relentless copying of Sugarfina's intellectual property rights in its candy products not only allows Sweitzer to benefit from Sugarfina's investment, but it also threatens to diminish the very important goodwill that Sugarfina has cultivated with its products.

53. Sugarfina's efforts to address Sweitzer's pervasive copying of Sugarfina's innovations and intellectual property directly with Sweitzer have been unsuccessful. On May 22, 2017, Sugarfina sent a cease and desist letter to Sweitzer advising it of its ongoing infringement of Sugarfina's intellectual property. On September 19, 2017, Sugarfina sent a follow-up cease and desist letter to Sweitzer again demanding that Sweitzer cease its infringing activity. Sweitzer never responded to either letter.

54. Sweitzer chose to infringe Sugarfina's patent, copyright, trade dress, and trademark rights through the design, packaging and promotion of its candy products, and it did so willfully—with actual knowledge—to trade upon the goodwill that Sugarfina has developed in connection with its luxury branded products.

### *Infringement of Sugarfina's Patent*

55. Sugarfina has been selling its designer eight-cube candy bento boxes long before Sweitzer. An example is shown below.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

32922939v2



56.     In 2014, Sugarfina filed a design patent application covering its unique packaging, such as the packaging shown above. That design patent application issued on May 10, 2016, as U.S. Design Patent No. D755,641 (the '641 Patent), and is titled "Packaging."

57.     The '641 Patent claims "[t]he ornamental design for a packaging, as shown and described" in the patent. FIG. 1 of the '641 Patent is reproduced below. FIG. 1 depicts an exploded perspective view of the patented design.



FIG. 1

32922939v2

58.     FIG. 2 of the '641 Patent is reproduced below. FIG. 2 depicts a perspective view of the patented design.



*FIG. 2*

59.     FIGS. 3–4 of the '641 Patent are reproduced below. FIG. 3 depicts a front view of the patented design. FIG. 4 depicts a rear view of the patented design.



*FIG. 3*          *FIG. 4*

60.     FIG. 5 of the '641 Patent is reproduced below. FIG. 5 depicts a top view of the patented design.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545



FIG. 5

61.     FIG. 6 of the '641 Patent is reproduced below. FIG. 6 depicts a side view of the patented design.



FIG. 6

62.     On information and belief, Sweitzer began marketing a copycat product after issuance of the '641 patent, a sample of which is shown below.



63.     An ordinary observer of Sweitzer's candy packaging and Sugarfina's patented design, giving such attention that a candy purchaser usually gives, would find the two designs to be substantially the same. The '641 Patent claims a packaging including transparent cubes arranged in three-by-three cells spaced apart and nested within a rectangular box with high, straight walls, having a top, and omitting a transparent cube from the center of the arrayed arrangement. As shown above, Sweitzer's design also includes transparent cubes arranged in three-by-three cells spaced apart and nested within a rectangular box with high, straight walls, having a top, and omitting a transparent cube from the center of the arrayed arrangement. An ordinary observer would recognize that Sweitzer's design is substantially the same as the patented design in the '641 Patent. The overall impression of the two designs is substantially the same.

64.     Further, an ordinary observer, familiar with the prior art, would be deceived into believing that Sweitzer's design is the same as the design patented in the '641 Patent. Of the many prior art candy packaging types, an ordinary observer would recognize that none of the prior art candy packaging types include, for instance, the three-by-three cells of transparent cubes spaced apart and nested within a rectangular box with high, straight walls, having a top, and omitting a transparent cube from the center of the arrayed arrangement, as patented in the '641 Patent.

65.     Indeed, it is axiomatic that the '641 Patent is infringed by Sweitzer's design because in the eye of an ordinary observer, the Sweitzer design is substantially the same as the claimed design in the '641 Patent.

### *Infringement of Sugarfina's Copyrights*

66.     In addition to the aforementioned design patent protections, Sugarfina also has copyright protections for its three-piece designer candy boxes and its designer candy bento boxes at Reg. Nos. VA0001963482 and VA0001963483.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

67.     Sweitzer has had access to the copyrighted candy boxes because Sugarfina has been selling and marketing them to the public, in the same industry and using the same marketing channels as Sweitzer, since at least as early as 2013.

68.     In a blatant attempt to copy Sugarfina, Sweitzer designed and developed near exact imitations of Sugarfina's registered works.

69.     After Sugarfina introduced its designer products, Sweitzer began actively selling these infringing products to retailers and unwitting consumers. Sweitzer's infringing products are strikingly similar imitations of Sugarfina's protected products. Sweitzer copied all the original and distinctive qualities of Sugarfina's products, including the configuration of eight, four, or three cells of transparent cubes spaced apart and nested fully within a rectangular box with high, straight walls; the use of a die-cut labels on the clear cubes within the outer box; and specific graphic elements designed by Sugarfina, such as the prints, patterns, and colors imprinted on the boxes and labels.

70.     Sweitzer has no license from Sugarfina to make replicas of Sugarfina's registered original works. On the contrary, at least as early as May 22, 2017, Sugarfina demanded that Sweitzer cease its infringing activities. Sweitzer refused to comply and continued knowingly and willfully to create, market, and distribute products infringing Sugarfina's copyrights.

## FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement)

### (Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

71.     Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

72.     Sugarfina is the owner of all right and title to the distinctive Sugarfina Trade Dress. The Sugarfina Trade Dress, as embodied in Sugarfina products, has acquired secondary meaning, and is not functional. In addition, the

Sugarfina Trade Dress, embodied in the packaging for the Sugarfina products, is inherently distinctive and not functional.

73.     In addition, based on extensive and consistent advertising, promotion and sales throughout the United States, the Sugarfina Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Sugarfina as the source of these products.

74.     Sugarfina's extensive promotion of the distinctive Sugarfina Trade Dress has resulted in Sugarfina's acquisition of valuable, legally protected rights in the Sugarfina Trade Dress as well as considerable customer goodwill.

75.     Sweitzer's line of products has misappropriated the Sugarfina Trade Dress by mimicking a combination of several elements of that trade dress. The manufacture and distribution of Sweitzer products with packaging and product design features that mimic a combination of several elements of the Sugarfina Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Sweitzer with Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Sweitzer's goods, services or commercial activities.

76.     Sweitzer's actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

77.     At least as early as May 22, 2017, Sweitzer knew of the Sugarfina Trade Dress when it designed its products, and has refused to change its product or packaging design in response to Sugarfina's request. Accordingly, Sweitzer's infringement has been and continues to be intentional, willful and without regard to the Sugarfina Trade Dress.

78.     As a direct and proximate result of Sweitzer's unlawful acts and practices, including those set forth above, Sweitzer has caused, is causing, and unless immediately enjoined by this Court, will continue to cause immediate and

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    irreparable harm to Sugarfina, for which there is no adequate remedy at law, and for

2    which it is entitled to injunctive relief.

3        79.    Sugarfina is informed and believes, and on that basis alleges, that

4    Sweitzer has gained profits by virtue of its infringement of the Sugarfina Trade

5    Dress.

6        80.    Sugarfina also has sustained damages as a direct and proximate

7    result of Sweitzer's infringement of the Sugarfina Trade Dress in an amount to be

8    proven at trial.

9        81.    Because Sweitzer's actions have been willful, Sugarfina is entitled to

10   treble its actual damages or Sweitzer's profits, whichever is greater, and to an

11   award of costs, and, this being an exceptional case, reasonable attorneys' fees

12   pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement)

### (15 U.S.C. § 1114)

16       82.    Sugarfina incorporates and realleges the preceding paragraphs of this

17   Complaint as though set forth in full.

18       83.    Sugarfina owns a federal trademark registration for the distinctive

19   naming of its CANDY BENTO BOX®.

20       84.    Sweitzer has infringed the CANDY BENTO BOX® mark by using

21   confusing similar names in connection with its products.

22       85.    Sweitzer's use of names infringing on the CANDY BENTO BOX®

23   mark is likely to cause confusion, or to cause mistake, or to deceive the consumer

24   as to the affiliation, connection or association of Sweitzer with Sugarfina, or as to

25   the origin, sponsorship, or approval by Sugarfina of Sweitzer's goods, services or

26   commercial activities.

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

86.     Sweitzer's use of names infringing on the CANDY BENTO BOX® mark enables Sweitzer to benefit unfairly from Sugarfina's reputation and success, thereby giving Sweitzer sales and commercial value it otherwise would not have.

87.     Before Sweitzer's first use of the infringing names, Sweitzer was aware of Sugarfina's business and had either actual notice and knowledge, or constructive notice of, Sugarfina's registered trademarks, including CANDY BENTO BOX®.

88.     Sweitzer's unauthorized use of names infringing on the CANDY BENTO BOX® mark is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of Sweitzer's products and/or to cause confusion or mistake as to any affiliation, connection or association between Sugarfina and Sweitzer, in violation of 15 U.S.C. § 1114(a).

89.     Sugarfina is informed and believes, and on that basis alleges, that Sweitzer's infringement of Sugarfina's registered trademark CANDY BENTO BOX® as described herein has been and continues to be intentional, willful and without regard to Sugarfina's rights.

90.     Sugarfina is informed and believes, and on that basis alleges, that Sweitzer has gained profits by virtue of its infringement of Sugarfina's registered trademark CANDY BENTO BOX®.

91.     Sugarfina will suffer and is suffering irreparable harm from Sweitzer's infringement of the registered trademark CANDY BENTO BOX® insofar as Sugarfina's invaluable goodwill is being eroded by continuing infringement.

92.     Sugarfina has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from Sweitzer's infringing activities. Pursuant to 15 U.S.C. § 1116, Sugarfina is entitled to an injunction against Sweitzer's continuing infringement of Sugarfina's registered trademark CANDY BENTO BOX®. Unless enjoined, Sweitzer will continue its infringing conduct.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

93.     Because Sweitzer's actions have been committed with intent to damage Sugarfina and to confuse and deceive the public, Sugarfina is entitled to treble its actual damages or Sweitzer's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

### (Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

94.     Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

95.     Sugarfina has prior rights in Sugarfina's unregistered marks, including CANDY CUBE™.

96.     Sweitzer's product lineup has infringed Sugarfina's common law marks by using identical or similar names in Sweitzer's products.

97.     Sweitzer's use of its infringing naming convention is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Sweitzer with Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Sweitzer's goods, services or commercial activities.

98.     Sweitzer's use of the infringing product lineup enables Sweitzer to benefit unfairly from Sugarfina's reputation and success, thereby giving Sweitzer's infringing products sales and commercial value they would not have otherwise.

99.     Prior to Sweitzer's first use of the infringing mark, Sweitzer was aware of Sugarfina's business and had either actual notice and knowledge, or constructive notice of Sugarfina's common law marks, including CANDY CUBE™.

100.     Sweitzer's unauthorized use of the infringing mark is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

origin, sponsorship or approval of Sweitzer's products and/or to cause confusion or mistake as to any affiliation, connection or association between Sugarfina and Sweitzer, in violation of 15 U.S.C. § 1125(a).

101.    Sugarfina is informed and believes, and on that basis alleges, that Sweitzer's infringement of Sugarfina's common law mark CANDY CUBE™, as described herein, has been and continues to be intentional, willful and without regard to Sugarfina's rights in its common law marks.

102.    Sugarfina is informed and believes, and on that basis alleges, that Sweitzer has gained profits by virtue of its infringement of Sugarfina's common law mark CANDY CUBE™.

103.    Sugarfina will suffer and is suffering irreparable harm from Sweitzer's infringement of Sugarfina's common law marks insofar as Sugarfina's invaluable goodwill is being eroded by Sweitzer's continuing infringement. Sugarfina has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from the Sweitzer's infringing activities.

104.    Sugarfina is entitled to an injunction against Sweitzer's continuing infringement of Sugarfina's common law mark CANDY CUBE™. Unless enjoined, Sweitzer will continue its infringing conduct.

105.    Because Sweitzer's actions have been committed with intent to damage Sugarfina and to confuse and deceive the public, Sugarfina is entitled to treble its actual damages or Sweitzer's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and § 1117(b).

/ / /

/ / /

/ / /

/ / /

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

32922939v2

## FOURTH CLAIM FOR RELIEF

### (Unfair Business Practices – California Business and Professions Code § 17200, *et seq.*)

106.    Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

107.    The acts of Sweitzer described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, *et seq.*

108.    Sugarfina has valid and protectable prior rights in the Sugarfina Trade Dress and trademarks. The Sugarfina Trade Dress identifies Sugarfina as the source of its candy products. The Sugarfina Trade Dress is inherently distinctive, and, through Sugarfina's long use, has come to be associated solely with Sugarfina as the source of the products on which it is used.

109.    Sweitzer's use of the infringing trade dress and marks is likely to cause confusion as to the source of Sweitzer's products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Sweitzer and Sugarfina or that Sweitzer's products are affiliated with or sponsored by Sugarfina.

110.    The above-described acts and practices by Sweitzer are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

111.    The above-described acts constitute unfair competition and trade dress and trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of California Business & Professions Code §§ 17200, *et seq.*

112.    Sweitzer acted willfully and intentionally in designing its infringing trade dress and product packaging, with full knowledge of Sugarfina's prior rights

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  in the distinctive Sugarfina Trade Dress, its registered trademarks, and its common

2  law trademarks, and with an intent to cause confusion or mistake or to deceive

3  customers into believing that there is an affiliation between Sweitzer and Sugarfina

4  or between Sweitzer's products and Sugarfina's products.

5       113.    The unlawful and fraudulent business practices of Sweitzer described

6  above present a continuing threat to, and is meant to deceive members of, the public

7  in that Sweitzer desires to promote its products by wrongfully trading on the

8  goodwill of the Sugarfina Trade Dress, Sugarfina's registered trademarks, and its

9  common law trademarks.

10      114.    As a direct and proximate result of these acts, Sweitzer has received,

11 and will continue to profit from, the strength of the Sugarfina Trade Dress,

12 Sugarfina's registered trademarks, and its common law trademarks.

13      115.    As a direct and proximate result of Sweitzer's wrongful conduct,

14 Sugarfina has been injured in fact and has lost money and profits, and such harm

15 will continue unless Sweitzer's acts are enjoined by the Court.

16      116.    Sugarfina has no adequate remedy at law for Sweitzer's continuing

17 violation of Sugarfina's rights.

18      117.    Sweitzer should be required to restore to Sugarfina any and all

19 profits earned as a result of their unlawful and fraudulent actions, or provide

20 Sugarfina with any other restitutionary relief as the Court deems appropriate.

**FIFTH CLAIM FOR RELIEF**

**(Infringement of the '641 Patent)**

**(35 U.S.C. § 271)**

24      118.    Sugarfina incorporates and realleges the preceding paragraphs of this

25 Complaint as though set forth in full.

26      119.    Sweitzer has infringed and continues to infringe the '641 Patent

27 under 35 U.S.C. § 271(a) by using, selling and/or offering to sell in the United

28 States, and/or importing into the United States one or more of Sweitzer's infringing

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

products identified in this Complaint, which embody the design covered by the '641 Patent.

120.    On information and belief, Sweitzer's infringement of the '641 Patent has taken place with full knowledge of the patent and is willful, deliberate, and intentional, and therefore gives rise to an exceptional case under 35 U.S.C. § 285.

121.    Sweitzer's infringement of one or more claims of the '641 Patent has injured Sugarfina, the precise amount of which cannot be ascertained at this time. Sugarfina is entitled to recover damages adequate to compensate for Sweitzer's infringement, which in no event can be less than a reasonable royalty.

122.    Sweitzer has caused Sugarfina substantial damages and irreparable injury by its infringement of one or more claims of the '641 Patent, for which there is no adequate remedy at law. Sugarfina will continue to suffer damages and irreparable injury unless and until Sweitzer's infringement is enjoined by this Court.

### SIXTH CLAIM FOR RELIEF

### (Copyright Infringement)

### (17 U.S.C. §§ 101, *et. seq.*)

123.    Sugarfina incorporates and realleges the preceding paragraphs of this Complaint as though set forth in full.

124.    Sugarfina is the owner of exclusive rights under copyright with respect to the three-piece designer candy box and the designer candy bento box, Reg. Nos. VA0001963482 and VA0001963483.

125.    Sugarfina has never granted to Sweitzer any license to make or market any unauthorized copies of, or derivative works based on, Sugarfina's products or registered works.

126.    By means of the actions complained of herein, Sweitzer has infringed and will continue to infringe Sugarfina's copyright in and relating to its

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

registered works under 17 U.S.C. §§ 101, *et. seq.* by creating, reproducing, distributing, selling, and/or offering for sale infringing products and product packaging containing strikingly similar reproductions of the registered works without authorization from Sugarfina.

127.    Sugarfina is entitled to an injunction restraining Sweitzer, and all persons acting in concert with it, from engaging in further acts in violation of the copyright laws.

128.    Sugarfina is further entitled to recover from Sweitzer the damages Sugarfina has sustained, and will sustain, as a result of Sweitzer's wrongful acts in an amount to be proven at trial. Sugarfina is further entitled to recover from Sweitzer any gains, profits, and advantages Sweitzer has obtained as a result of its wrongful acts.

129.    Sugarfina is also entitled to damages, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq.*, for Sweitzer's willful and continued infringement of the registered works and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Sugarfina prays for relief, as follows:

1.    A judgment that Sweitzer infringed one or more claims of Sugarfina's asserted patent;

2.    An order and judgment preliminarily and permanently enjoining Sweitzer and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of Sugarfina's asserted patent;

3.    A judgment awarding Sugarfina all damages adequate to compensate for Sweitzer's infringement of Sugarfina's asserted patent, and in no event less than a reasonable royalty for Sweitzer's acts of infringement, including

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

32922939v2                                                      COMPLAINT

1   all pre-judgment and post-judgment interest at the maximum rate permitted by

2   law;

3        4.      A judgment awarding Sugarfina all damages, including treble

4   damages, based on any infringement found to be willful, pursuant to 35 U.S.C.

5   § 284, together with prejudgment interest;

6        5.      An order preliminarily and permanently enjoining Sweitzer and its

7   officers, directors, agents, servants, employees, affiliates, attorneys, and all others

8   acting in privity or in concert with it, and its parents, subsidiaries, divisions,

9   successors and assigns, from directly or indirectly infringing the Sugarfina Trade

10   Dress, Sugarfina's registered trademarks, Sugarfina's unregistered common law

11   trademarks, or using any other product or packaging design or designations similar

12   to or likely to cause confusion with the Sugarfina Trade Dress and Sugarfina's

13   registered or unregistered common law trademarks; from passing off Sweitzer's

14   products as being associated with and or sponsored or affiliated with Sugarfina;

15   from committing any other unfair business practices directed toward obtaining for

16   itself the business and customers of Sugarfina; and from committing any other

17   unfair business practices directed toward devaluing or diminishing the brand or

18   business of Sugarfina.

19        6.      Actual damages suffered by Sugarfina as a result of Sweitzer's

20   unlawful conduct, in an amount to be proven at trial, as well as prejudgment

21   interest as authorized by law;

22        7.      Reasonable funds for future corrective advertising;

23        8.      An accounting of Sweitzer's profits pursuant to 15 U.S.C. § 1117;

24        9.      A judgment trebling any damages award pursuant to 15 U.S.C.

25   § 1117;

26        10.     Punitive damages pursuant to California Civil Code § 3294;

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1     11.    Restitutionary relief against Sweitzer and in favor of Sugarfina,

2   including disgorgement of wrongfully obtained profits and any other appropriate

3   relief;

4     12.    Costs of suit and reasonable attorneys' fees, including, but not limited

5   to, a finding that this case is exceptional and awarding attorneys' fees and costs

6   pursuant to 35 U.S.C. § 285; and

7     13.    Any other remedy to which Sugarfina may be entitled, including all

8   remedies provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof Code §§ 17200, *et*

9   *seq.,* 17500, *et seq.,* and under any other California law.

10

11   Dated:    October 31, 2017            TROUTMAN SANDERS LLP

12

13                                          By: */s/ Jennifer Trusso Salinas*
                                               Jennifer Trusso Salinas
14                                             Jenny Kim
                                               Attorneys for Plaintiff
15                                             SUGARFINA, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1

## **DEMAND FOR JURY TRIAL**

2

3       Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands

4   a trial by jury of all triable issues.

5   Dated:      October 31, 2017            TROUTMAN SANDERS LLP

6

7                                          By: */s/ Jennifer Trusso Salinas*

8                                              Jennifer Trusso Salinas
                                               Andre De La Cruz
9                                              Jenny Kim
                                               Attorneys for Plaintiff
10                                             SUGARFINA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

32922939v2                                                        COMPLAINT